UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ULAS AVCI,<br><br>           Plaintiff,<br><br>v.<br><br>MEGAN L. BRENNAN,<br>POSTMASTER GENERAL,<br><br>           Defendant. | No. 15-CV-12577-NMG |

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO STRIKE (Dkt. No. 13)**

CABELL, U.S.M.J.

The plaintiff, Ulas Avci, alleges in his *pro se* complaint that his former employer, the United States Postal Service (the Postal Service) retaliated against him during the course of his employment. The defendant has moved to "strike" and/or "dismiss" the complaint on the ground that it "sets forth a barrage of allegations regarding the plaintiff's claims, which defy the requirements of a short, plain statement of the claim showing that the pleader is entitled to relief." As discussed below, the Court recommends that the motion be granted, without prejudice.

   **I.    RELEVANT FACTS**

The following allegations are taken from the complaint (Dkt. No. 1) and accepted as true for purposes of the present motion. The plaintiff is a former employee of the Postal Service. Prior to 2011, he worked at a postal facility in Brockton, Massachusetts. In 2011 the plaintiff,

believing he'd been treated unfairly, filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), and later brought a lawsuit (but not this lawsuit) against the Postmaster General.[1]

In 2012, the plaintiff was hired to work at a facility called the "NY ISC JFK unit," presumably located in New York.  The plaintiff's supervisors there were aware that the plaintiff had previously made complaints about perceived improper treatment, and the complaint appears to allege the supervisor(s) subsequently retaliated against the plaintiff in two separate ways.  First, the plaintiff's supervisor took his time card and held it for five days before returning it, although there is no allegation the plaintiff was deprived of any compensation as a result.  Second, the plaintiff was directed to work on a reportedly malfunctioning machine, which he refused to do.  (*Id*. at ¶ 6).

In addition to the factual allegations, the complaint contains a number of paragraphs which, while difficult to decipher, appear to identify and discuss evidence that was offered in a prior EEOC proceeding.  (*Id*. at ¶¶ 8-13).  The complaint also attaches thirteen pages of documents related to the EEOC proceeding.  (*Id*. at pp. 6-19).  In his opposition to the defendant's motion, the plaintiff explains that these documents are included as "evidences [sic] . . . that may be helpful to resolve this discrimination case." (Dkt. No. 34).

    II.    ANALYSIS

        A. **<u>Legal Framework</u>**

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Dismissal under Rule 12(b)(6) for failure to state a

---

[1] The present action is the second lawsuit the plaintiff has filed in this courthouse against the Postal Service.  The first action was filed in 2014 and remains pending at the time of this Report and Recommendation.  *See* Avci v. Brennan, No. 14-cv-12654.

claim is appropriate if the plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and original alterations omitted). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Cayo v. Fitzpatrick*, No. CIV.A. 13-30113-TSH, 2015 WL 1307319, at *1 (D. Mass. Mar. 24, 2015) (quoting *Ocasio–Hernàndez v. Fortuño–Burset*, 640 F.3d 1, 13 (1st Cir. 2011)). To determine whether a complaint crosses the plausibility threshold, "the reviewing Court [must] draw on its judicial experience and common sense.'" *Garcia-Catalan v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679)). Where "the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *Morales-Cruz v. Univ. of Puerto Rico*, 676 F.3d 220, 224 (1st Cir. 2012) (quoting *SEC v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)).

     Alternatively, in instances where a complaint states a claim but otherwise violates Rule 8(a)(2) because it contains portions that are overly wordy or inappropriate, the court may simply strike those portions from the complaint rather than dismiss the complaint outright. Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Thus, where removing wordy or inappropriate portions of a complaint would enhance the ability to understand the nature of the plaintiff's claim(s), striking the deficient portion is preferred. *See Belanger BNY Mellon Asset Mgmt., LLC,* 307 F.R.D. 55, 58 (D. Mass. 2015) (stating that dismissing a complaint because it is too wordy is disfavored); *Hayes v. McGee,* No. CIV.A. 10-40095-FDS, 2011 WL 39341, at *1 (D. Mass. Jan.

6, 2011) (Rule 12(f) is "designed to reinforce the requirement in [Rule 8(d)(1)] that pleadings be simple, concise, and direct.").

Applying these principles here, the Court concludes that the complaint does not state a plausible claim for retaliation, but the plaintiff should be given an opportunity to amend his complaint to satisfy the requirements of Rule 8 to the extent that he has a good faith basis to do so.  Separately, the Court finds that the complaint at paragraphs 8 through 13, and pages 6 through 19 contains immaterial matter and those paragraphs therefore should be stricken.

### B.  The Complaint Fails To State A Claim for Retaliation

The plaintiff alleges that the Postal Service retaliated against him.  To sustain a claim of retaliation on any basis under either state or federal law, he must show that: (1) he engaged in "protected activity;" (2) the Postal Service took adverse employment action against him; and (3) the two were causally linked, *i.e.,* the Postal Service took adverse actions against the plaintiff because he engaged in protected activity.  *Noviello v. City of Boston*, 398 F.3d 76, 88 (1st Cir. 2005) (federal claim); *Mole v. University of Mass.*, 442 Mass. 582, 596 (2004) (state claim).

Here, the plaintiff has alleged that he engaged in protected activity – the filing of an EEOC complaint and a lawsuit.  He has also alleged that the defendant retaliated against by taking his time card and by ordering him to work on a malfunctioning machine, and averred that the retaliation was causally linked to his protected activity.  *See Murray v. Warren Pumps, LLC*, No. 13-2133, 2016 WL 1622833, at *6-*7 (1st Cir. Apr. 25, 2016) (causal connection between protected activity and adverse employment action may be inferred when the two occur close-in-time).

Critically, however, the plaintiff has failed to allege that he suffered an adverse employment action.  An adverse employment action in this context is one that disadvantaged the plaintiff with "respect to salary, grade, or other objective terms and conditions of employment."

4

*MacCormack v. Boston Edison Co.*, 423 Mass. 652, 663 (1996).  Conduct that may have bothered the plaintiff, but that does not implicate one of these aspects of his employment, does not constitute an adverse employment action.  *See Morales-Vallellanes v. Potter*, 605 F.3d 27, 36-38 (1st Cir. 2010) (holding that closely monitoring employee's breaks, temporarily giving some of his duties to another employee and changing the rest days for a posted position for which the employee had expressed interest did not qualify as "adverse employment actions" for purposes of a Title VII retaliation claim).  Accordingly, the plaintiff has failed to allege all of the necessary elements of a retaliation claim and therefore fails to state a claim for relief.  It is therefore recommended that the complaint be dismissed in its entirety for failure to state a claim, but with leave to amend to include this allegation, assuming there is a good faith basis to do so.

### C. Paragraphs 8 Through 13, And Pages 6 Through 19 of The Complaint Are Not Factual Allegations And Should Be Stricken

Paragraphs 8 through 13 and pages 6 through 19 of the complaint are difficult to decipher, but the Court reads them in the aggregate as serving to identify and describe the evidence the plaintiff believes will support his claims.  As such, the assertions essentially constitute responses to discovery requests that have yet to be posed.  Disclosing such evidence at this stage, while well intentioned, is unnecessary.  Indeed, because a defendant must respond in some manner to every allegation or assertion set forth in a complaint, retaining these many paragraphs would only impose an unnecessary burden on the defendant and risk retarding the pace of the lawsuit.  The Court therefore recommends that paragraphs 8 through 13 and pages 6 through 19 of the complaint be stricken.

### III. CONCLUSION

For all of the foregoing reasons, the Court recommends that the defendant's motion be GRANTED, but without prejudice.  The Court recommends that, if the District Judge adopts this

report and recommendation, the plaintiff be given fourteen days from the date of the District Judge's adoption to file an amended complaint that contains a clear and concise statement of the facts underlying his retaliation claim, and omits the immaterial evidentiary disclosures.

The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  May 23, 2016